UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DANIEL WESTERLING, *individually and on behalf of similarly situated persons*, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | 3:24-CV-445-KAC-DCP |
| EAST TENNESSEE CHILDREN'S HOSPITAL ASSOCIATION, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the "Motion to Dismiss" filed by Defendant East Tennessee Children's Hospital Association, Inc. [Doc. 19]. Because (1) Plaintiff Daniel Westerling's operative Amended Complaint fails to state a claim for unpaid overtime under the Fair Labor Standards Act, 28 U.S.C. §§ 201-219 ("FLSA") as to him and (2) Plaintiff has not established an entitlement to leave to amend, the Court grants Defendant's Motion to Dismiss.

**I.      Background**

On October 31, 2024, Plaintiff filed his initial Complaint against Defendant [Doc. 1]. Thereafter, "[p]ursuant to the Court's Order governing motions to dismiss," Defendant "contacted Plaintiff on December 6, 2024 to schedule a meet and confer regarding its anticipated motion to dismiss pursuant to Rule 12(b)(6)" [Doc. 12 at 1]. "On December 10, 2024, the Parties conducted their meet and confer," and Defendant "described the bases for its anticipated motion to dismiss to see whether Plaintiff intended to amend his Complaint" [*Id.* at 1-2]. Thereafter, with an agreed extension granted by the Court, Plaintiff filed an amended complaint as a matter of right on

January 6, 2025 [*See* Docs. 12, 14, 17]. *See* Fed. R. Civ. P. 15(a). That Amended Complaint is currently operative [*See* Doc. 17].

The Amended Complaint raises one claim for violation of the FLSA based on Defendant's alleged failure to pay for purported overtime worked by Plaintiff [*See* Doc. 17 at 7-8]. Specifically, Defendant allegedly violated the FLSA "by failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy of automatically deducting a 30-minute meal break from . . . daily work hours for meal breaks that were not taken or meal breaks that were interrupted by work duties" [Doc. 17 at 8]. Plaintiff also seeks to assert this claim on behalf of other employees of Defendant who are purportedly "similarly situated" [*See id.* at 6].

As it relates to Plaintiff's FLSA claim,[1] the Amended Complaint alleges that Defendant is a "Section 501(c)(3) non-profit corporation" operating as an "independent pediatric medical center" [*See* Doc. 17 at 3].[2] From December 2020 through September 2023, Defendant employed Plaintiff as a "non-exempt, hourly employee" [*Id.*]. Plaintiff worked as a security guard "at one of Defendant's facilities" [*Id.*]. Plaintiff "frequently worked forty (40) or more hours per workweek" [*See id.* at 4].

"Defendant had a policy of automatically deducting thirty (30) minutes from its employees' daily work hours for a meal break" [*Id.* at 4]. But Plaintiff was "often required and permitted to work through or subject to interruption for Defendant during" his "meal break periods," and he

---

[1] Unless Plaintiff has a "viable claim" himself, he "cannot represent others whom []he alleged were similarly situated." *See White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873-74 (6th Cir. 2012) (quoting *In re Family Dollar FLSA Litigation*, 637 F.3d 508, 519 (4th Cir. 2011)).
[2] Because Plaintiff is the nonmoving Party, the Court describes the facts in the Amended Complaint in the light most favorable to him. *See Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

was "not paid for such time" [*Id.* at 2]. "Defendant knew and expected that" Plaintiff "would work through" his "unpaid 'meal breaks,' and this was in fact a frequent occurrence" [*Id.* at 5].

Defendant specifically "required" Plaintiff "to remain available to respond to work demands at any time during the shift, including during meal breaks" [*Id.*]. Defendant required "Plaintiff and other security guard employees" to "monitor their individual radio during their meal breaks" and "respond if some event arose while on their break." [*Id.*]. "In most weeks," Plaintiff worked forty (40) "or more hours; was not completely relieved of his duties during his daily meal breaks; and was unpaid for his 30 minute 'meal breaks'" [*Id.*].

Defendant filed a Motion to Dismiss [Doc. 19], arguing that the Amended Complaint fails to state a FLSA claim as to Plaintiff [*See* Doc. 19 at 1-2]. Plaintiff responded [Doc. 25], arguing that the Amended Complaint sufficiently states a claim and that in the alternative, the Court "should allow Plaintiff to cure any alleged defects in his pleadings prior to dismissal" [*See* Doc. 25 at 1]. But Plaintiff did not file a motion requesting leave to amend, nor did he file a proposed Second Amended Complaint, as is required by this Court's Local Rules. *See* E.D. Tenn. L.R. 15.1 (noting that "failure to comply with this rule may be grounds for denial of the motion"); *see also Forrester v. Am. Sec. & Pro. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *4 (6th Cir. May 13, 2022) ("[A] district court may deny leave to amend when the plaintiff 'neither moved formally to amend nor proffered a proposed amended complaint.'" (quoting *United States ex rel. Owsley v. Fazzi Assocs., Inc.*, 16 F.4th 192, 197 (6th Cir. 2021))). Defendant replied [Doc. 26], arguing, in part, that permitting amendment as Plaintiff proposes would be futile [Doc. 26 at 10-11].

II.     **Analysis**

   **A. Plaintiff Fails To State A Plausible FLSA Claim.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quotation omitted)). A claim is facially plausible if "plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law." *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are similarly insufficient. *See Lindke v. Tomlinson*, 31 F.4th 487, 496 (6th Cir. 2022). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *See 16630 Southfield Ltd. P'ship*, 727 F.3d at 506.

As relevant here, the FLSA requires an employer to pay overtime to a qualifying employee for performing qualifying work. *See* 29 U.S.C. § 207(a)(1). But the FLSA does not require an employer to "pay for every minute employees are at work." *Forrester*, 2022 WL 1514905, at *1 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). Rather, if time spent at work is not compensable under the FLSA, the employer is not required to pay overtime for that time. *See id.* (citing *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014)).

Bona fide meal breaks of thirty (30) minutes or more are not compensable time under the FLSA. 29 C.F.R. § 785.19. "An automatic meal deduction system is lawful under the FLSA."

*White*, 699 F.3d at 873 (citing *Hill v. United States*, 751 F.2d 810 (6th Cir. 1984)). "As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and it not entitled to compensation under the FLSA." *Id.* (quoting *Hill*, 751 F.2d at 814). "A de minimis rule applies when 'the matter . . . concerns only a few seconds or minutes of work beyond the scheduled working hours.'" *Id.* (quoting *Hill*, 751 F.2d at 815).

"Whether time is spent predominately for the employer's or the employee's benefit depends on the totality of the circumstances." *Ruffin v. MotorCity Casino*, 775 F.3d 807, 811-14 (6th Cir. 2015) (citation omitted). The employee has the burden to show "that a meal period is compensable." *Id.* (citation omitted). The Sixth Circuit has identified three "relevant factors" in this analysis: (1) "whether the employee is engaged in the performance of any substantial duties during the meal period," *id.* at 811 (cleaned up); (2) "whether the employer's business regularly interrupts the employee's meal period," *id.* at 813; and (3) "the employee's inability to leave the employer's property during meal breaks," *id.*

Here, the Amended Complaint includes factual content alleging that Defendant violated the FLSA because it "often required" Plaintiff to "monitor" his "radio" during his meal break and "respond if some event arose," without paying him for that time [Doc. 17 at 2, 5]. Because this factual content does not allow the Court to infer that Plaintiff's time was compensable, the Amended Complaint fails to state a claim as to him. *See Ruffin*, 775 F.3d at 811-14.

The United States Court of Appeals for the Sixth Circuit has concluded that simply "monitoring a radio, and being available to respond if called" during a meal break is generally "a de minimis activity, not a substantial job duty." *Id.* at 812 (citing *Aiken v. City of Memphis*, 190

F.3d 753, 759 (6th Cir. 1999)).  While there may be a case "where monitoring a radio qualified as a substantial duty," Plaintiff has not pleaded facts that would allow the Court to infer that this is one of those cases.  *See id.*  As it relates to the frequency of interruption, "the question is not whether the employees' meals were interrupted but whether the degree of interruption caused them to spend their meal periods primarily for the employer's benefit." *Id.* at 813 (cleaned up).  Plaintiff alleges that Defendant often required him to monitor his radio during his meal breaks, [*see* Doc. 17 at 2], but the Amended Complaint does not include any allegations regarding how frequently this monitoring lead to interruption to Plaintiff's meal period beyond the de minimis monitoring itself, [*see* Doc. 17].  It is the frequency with which Plaintiff was required to "respond" upon call during a meal break that would move the needle under the law, not the frequency with which he was required to monitor the radio during a meal break [*Id.* at 5].  *See Ruffin*, 775 F.3d at 813.  Further, the Amended Complaint does not allege that Plaintiff was prohibited from leaving Defendant's property during his meal breaks [*See* Doc. 17].  *See Ruffin*, 775 F.3d at 813.  Without more, even based on "the totality of the circumstances," the Amended Complaint fails to allege factual content allowing the Court to infer that Plaintiff was "engaged in the performance of any substantial duties" and that his meal breaks were "spent predominately for" Defendant's benefit such that the time was compensable under the FLSA.  *See id.* at 811 (citation omitted).

      Plaintiff's arguments resisting this conclusion fall flat.  ***First***, he cites to general allegations in the Amended Complaint regarding what generic "employees of Defendant" or "employees" were allegedly required to do and how they were impacted by Defendant's alleged actions [Doc. 25 at 3-4 (quoting Doc. 17 ¶¶ 6, 7, 26)].  But none of these paragraphs address what Plaintiff was specifically required to do or the impact on him [*See* Doc. 17 at ¶¶ 6, 7, 26].  General allegations of how Defendant impacted some unidentified employees, untethered to Plaintiff, are not sufficient

to state a claim that Defendant violated Plaintiff's rights under the FLSA. It is Plaintiff's claim that is before the Court on Defendant's Motion to Dismiss. If he does not have a viable claim himself, he "cannot represent" others who were allegedly similarly situated. *See White*, 699 F.3d at 873-74. Whether the Amended Complaint states an FLSA claim on behalf of other unidentified employees is beside the point.

**Second**, Plaintiff points to Paragraph Five (5) of his Amended Complaint, but tested against the law, even these allegations are not enough [*See* Doc. 25 at 3, 10]. Paragraph Five (5) alleges in full:

> Representative Plaintiff and potential class members frequently did not receive bona fide meal break periods. Instead, they were often required and permitted to work through or subject to interruption for Defendant during their meal break periods and were not paid for such time.

[Doc. 17 ¶ 5]. The first sentence of Paragraph Five (5) is a "conclusory allegation[]," *see 16630 Southfield Ltd. P'ship*, 727 F.3d at 504, that meal breaks "frequently" were not "bona fide," which does not advance Plaintiff's cause, [Doc. 17 ¶ 5]. The second sentence is a general statement that Defendant required Plaintiff to "work through" his meal breaks "or [that he was] subject to interruption" during his meal breaks [Doc. 17 ¶ 5]. The specific factual allegations later in the Amended Complaint describe precisely how Plaintiff "work[ed] through" or was "subject to interruption" during his meal breaks—by monitoring his radio and being required to respond "if some event arose" [*See id.* ¶¶ 30-33]. These specific factual allegations modify, explain, and control the general statement in Paragraph Five (5) [*See id.*]. *See, e.g.*, Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 183-88 (2012) (describing the General/Specific contextual canon). And as analyzed above, the specific factual allegations in the Amended Complaint do not state a claim.

### B. Plaintiff Has Not Established An Entitlement To Leave To Amend.

That leaves the Court with Plaintiff's alternative request in his Response to "cure any alleged defects in his pleadings prior to dismissal" [*See* Doc. 25 at 1]. It is not well taken.

Plaintiff has already amended his complaint once as a matter of right. So, under Rule 15, he may amend "only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts, however, "refrain[] from applying [the] liberal policy of amendment when plaintiffs make only a cursory request for relief and fail to attach a copy of a proposed amended complaint." *Mitchell v. City of Benton Harbor, Mich.*, 137 F.4th 420, 442 (6th Cir. 2025) (citations omitted). And the Court may deny a motion to amend "when the reason for amendment is improper, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by . . . [previous] amendments" and "futility of amendment." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quotation omitted). Amendment is futile when "after including the [or any] proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Furthermore, this Court's Local Rule 15.1 requires a party to file a motion for leave to amend and "attach a copy of the proposed amended pleading to the motion." *See* E.D. Tenn. L.R. 15.1. "[F]ailure to comply with this rule may be grounds for denial of the motion." *Id.* As the Sixth Circuit has recognized, "a district court may deny leave to amend when the plaintiff 'neither moved formally to amend nor proffered a proposed amended complaint.'" *Forrester*, 2022 WL 1514905, at *4 (quoting *United States ex rel. Owsley*, 16 F.4th at 197) (citation omitted).

Plaintiff fails on all accounts. He has already amended his complaint once as a matter of right with the benefit of Defendant's anticipated motion to dismiss in mind [*See* Docs. 12, 14, 17]. And he failed to formally move to amend his Amended Complaint and attach a proposed Second Amended Complaint to his Response [Doc. 25] as required by Local Rule 15.1. This alone is fatal, and the Court denies his alternative request on that basis. *See* E.D. Tenn. L.R. 15.1; *see also Forrester*, 2022 WL 1514905, at *4. But even more, amendment would be futile. In **one footnote** in his Response, Plaintiff includes **one factual allegation** that he would purport to add if he were permitted to amend his Amended Complaint: that "he was required to stay on the premises" during his meal breaks [*See* Doc. 25 at 8 n.1]. This addition, however, would not tip the scales and state a plausible claim. *See Ruffin*, 775 F.3d at 814 ("merely requiring an employee to remain on the employer's premises does not convert meal break time to compensable working time" (quoting *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 729 F.Supp.2d 1038, 1062 (S.D. Iowa 2010)) (citation omitted)). The Court also denies Plaintiff's alternative request because amendment would be futile. *See Greer*, 114 F.4th at 617.

### III. Conclusion

For the above reasons, the Court (1) **GRANTS** Defendant East Tennessee Children's Hospital Association, Inc.'s "Motion to Dismiss for Failure to State a Claim" [Doc. 19] and (2) **DENIES** Plaintiff Daniel Westerling's alternative request to amend [*See* Doc. 25]. No claims remain in this action. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge